UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) |

This document relates to:

*Justin Strauss, et al. v. Islamic Republic of Iran*, No. 1:22-cv-10823 (GBD)(SN)

**AFFIRMATION IN SUPPORT OF REQUEST FOR CLERK'S
DEFAULT AGAINST THE ISLAMIC REPUBLIC OF IRAN**

STATE OF NEW YORK      :
                      : ss.
COUNTY OF NEW YORK    :

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

  Jerry S. Goldman, Esq., an attorney at law duly admitted before the Courts of the State of New York, being duly sworn, hereby declares as follows:

  1. Pursuant to Rules 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the U.S. District Court for the Southern District of New York, I make this Affirmation in support of Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against defendant Islamic Republic of Iran ("Iran").

  2. Plaintiffs are comprised of personal representatives and eligible family members of individuals killed, and individuals injured, in the terrorist attacks against the United States on September 11, 2001.

  3. Iran is the only defendant in this action.

  4. On December 22, 2022, Plaintiffs commenced suit against Iran by filing a summons and complaint.

5. Iran is not amenable to service pursuant to 28 U.S.C. § 1608(a)(1) or (2) because no special arrangement for service exists between the plaintiffs and Iran and because there is no applicable international convention on service of judicial documents upon Iran.

6. Before serving Iran under 28 U.S.C. § 1608(a)(4), plaintiffs attempted to serve Iran pursuant to 28 U.S.C. § 1608(a)(3) by mail. *See* Clerk's Certificate of Mailing, ECF No. 13 (individual case docket), dated January 23, 2023, a copy of which is attached hereto as Exhibit A. Iran rejected this attempt and, therefore, because service by mail could not be effected within thirty (30) days, plaintiffs proceeded to effect service by diplomatic channels pursuant to §1608(a)(4) as described below.

7. Plaintiffs began the process of serving Iran under 28 U.S.C. § 1608(a)(4) by delivering to the Clerk of the Court for the U.S. District Court for the Southern District of New York the following items: cover letter; a cashier's check in the amount of $2,275.00 payable to the U.S. Embassy Bern; copies of the Complaint in English; copies of the Complaint in Farsi; Notice of Suit in English; Notice of Suit in Farsi; Summons in English; Summons in Farsi, Foreign Sovereign Immunities Act (FSIA), 28 USCS § 1602; Civil Cover Sheet, Affidavits from translators; and a US Airbill (collectively, "Service Documents"). Copies of the preceding documents are attached hereto as Exhibit B.

8. On February 27, 2023, the Clerk of the Court mailed the Service Documents to the Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison, United States Department of State for service on Iran under 28 U.S.C. § 1608(a)(4). *See* Clerk's Certificate of Mailing, ECF No. 14 (individual case docket), dated February 27, 2023, a copy of which is attached hereto as Exhibit C.

9. As evidenced by letter dated June 27, 2023 from Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, Clerk of Court, service was effectuated on Iran on May 23, 2023, when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran, delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic note number 1044-IE.  *See* Return of Service and supporting U.S. Department of State documents, provided in a cover letter from Jared Hess to Ruby J. Krajick dated June 27, 2023, attached hereto as Exhibit D.  Pursuant to 28 U.S.C. § 1608(c)(1), service under § 1608(a)(4) shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."

10. The diplomatic note was transmitted on May 23, 2023.  True and correct copies of the Return of Service and supporting U.S. Department of State documents, provided in a cover letter from Jared Hess to Ruby J. Krajick dated June 27, 2023 is attached hereto as Exhibit D.

11. Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran on May 23, 2023. *See* Affidavit of Service, filed on July 27, 2023, ECF No. 9234 and attached hereto as Exhibit E.

12. More than sixty (60) days have elapsed since service, and Iran has not filed any responsive pleading or taken any other steps to defend this action since service was effectuated.

13. Based on the circumstances as set out above and in Fed. R. Civ. P. 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default," plaintiffs are entitled to entry of default against Iran.

14. Upon showing, the court clerk must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *see City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011).

15. The clerk should now enter default against defendant Iran here because:

    a. Iran was obligated to "serve an answer or other responsive pleading to the complaint within sixty days after service [was effectuated]." 28 U.S.C. § 1608(d).

    b. Iran was served on May 23, 2023.

    c. More than 60 days will have elapsed since service, and Iran has not served an answer or other responsive pleading, or taken any other steps to defend this action since service was effectuated.

16. Accordingly, the Clerk should enter a default against Iran pursuant to Fed. R. Civ. P. 55(a).

17. The defendant is not a minor, infant, or an incompetent person. *See* Fed. R. Civ. P. 55(b)(1).

18. The defendant is not in military service. *See* 50 U.S.C. App. § 521(b)(1).

19. For the reasons set forth herein, Iran was properly served and has failed to timely answer or otherwise defend against this action within sixty (60) days as required by 28 U.S.C. § 1608(d).

WHEREFORE, Plaintiffs request that the Court enter a Clerk's Certificate of Default as to the Islamic Republic of Iran in the form submitted contemporaneously herewith.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiffs, and that no part thereof has been paid.

Dated: July 27, 2023

By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
**ANDERSON KILL P.C.**
1251 Avenues of the Americas
New York, New York 10020
Telephone: (212) 278-1569
E-mail: jgoldman@andersonkill.com

*Attorney for Plaintiffs*